## Kroger Grocery & Baking Co. et al. v. Golder et al.

February 10, 1950.

B. H. Farnsley, Judge.

232

Davis, Boehl, Viser & Marcus for appellants.

Leon Seidman for appellees.

JUDGE LATIMER—Affirming.

From a judgment in the sum of $2,337.50 in favor of appellees, appellants prosecute this appeal.

The suit was for recovery of alleged property damage to an automobile and personal injuries suffered by appellee, U. S. Golder. The action arose out of an accident on October 21, 1947, at about 1:45 a. m. on U. S. Highway 60 near Eastwood. There is no necessity of giving a history of the accident since the questions presented here relate in no way to that subject. The three points raised are: (1) Misconduct of certain jurors on the voir dire examination in failing to answer properly questions directed to them by counsel of appellees. (2) Misconduct of one of the jurors during the course of the trial. (3) Excessiveness of the verdict.

On voir dire examination, the jury was asked: "Have any of you had any cause to bring any action against any one for damages, arising out of an automobile accident, or otherwise in recent years?" All members of the panel remained silent, thereby indicating a negative answer thereto. After the trial it was learned that two of the jurors, Mrs. Ella Goodfellow and Mrs. Mary Bon Villian, had had some sort of accident. They were called into the court's chambers and examined further by counsel for both parties. Mrs. Goodfellow stated that some 8 or 10 years before she was hit by someone or something and her back was hurt. However, she made no claim for damages. She explained her failure

to answer counsel's question by saying that she did not regard this as an accident. Mrs. Mary Bon Villian said that about 14 or 15 years before she was involved in an automobile accident while riding with her son. Her son, who was driving the car, lost control and ran down an embankment. Her back was injured in the accident. She made no claim for damages and gave this as the reason for her failure to answer the question. Appellants insist that, since the injury to these women was to their backs, it became very important that this information be divulged to them since appellee, Golder, also was complaining of an injury to his back. We think it unnecessary to go into an extended treatise in this matter because it will first be observed that the question was confined to recent years and the injuries to these jurors happened from 10 to 16 years prior to the voir dire examination. We look again at the question: "Have any of you had any cause to bring any action * * * in recent years?" Obviously, the emphasis could be put upon the word "cause" without the institution of an action. At first blush, taken in its entirety, the question imports cause accompanied with the bringing also of an action in recent years against anyone for damages. Anyway, the question as framed is not sufficient to charge these jurors with the responsibility of bringing to light accidents such as they had, without any action for damages, especially so since they happened, in one instance, 8 or 10 years before, and in the other 14 or 15 years before.

The misconduct of the juror during the trial is directed at the juror, Mr. Gale DeCordre. It is charged that he went into the Traffic Bureau in the Louisville City Hall about an hour before the court commenced on the second day of the trial and there obtained information from the Louisville Police Department regarding the tonnage of trailer trucks and the distance required to bring vehicles of different weights and loads to a stop when traveling at certain speeds. He read these statistics to the jury when they commenced their deliberations. On the night preceding, he went into the office of the Broadway Chevrolet Company where he observed and measured a tire chain and inspected and measured bumpers on Chevrolet cars. This information he also communicated to the jury. On the morning of the second day of the trial he telephoned to the Fruehauf

Trailer Company and inquired whether or not a trailer would whip when traveling at a speed of about 30 miles an hour. Whereupon, he was informed that it would. It appears that this juror took it upon himself personally to make this outside investigation. This should be condemned and the juror should realize it is highly improper so to do. However, it will be noted that this information, so received and imparted, relates only to and could only bear on elements of the accident, a phase not questioned herein. The gathering of this outside information goes only to the question of misconduct of jurors. But, we run headlong into the provisions of Section 272 of the Criminal Code of Practice: "A juror cannot be examined to establish a ground for a new trial, except it be to establish that the verdict was made by lot."

The information herein was, and was necessarily obtained from the members of the jury as a ground for new trial, and the fact that we have supporting affidavits based upon hearsay evidence gained from members of the jury, does not avail in bypassing the rule that jurors may not impeach their own verdict. See Sizemore v. Commonwealth, 189 Ky. 46, 224 S. W. 637; and Morgan v. Commonwealth, 188 Ky. 458, 222 S. W. 940, 941.

It is next insisted that the verdict is excessive. U. S. Golder was given $1500 for his personal injuries. There seems to be no question about the damage to the automobile. We need not go extensively into this phase of the question either. The evidence shows that Golder made $51 per week. As a result of this accident he had been unable to work for one year, which meant a total loss of salary of better than $2600 per year. He is yet suffering from his back. On the face of it, even though the medical testimony shows that the continued effect of the injuries seems to be subjective rather than objective, the very fact that he lost one year's work, which in terms of compensation means a loss of almost twice what he obtained in this judgment, certainly would not be indicative of an excessive verdict.

The judgment is affirmed.